**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| *In re BP plc Securities Litigation* | MDL 2185<br>Case No. 4:10-md-02185 |
| *South Yorkshire Pensions Auth. et al.* v. *BP p.l.c. et al.* | No. 4:12-cv-2362 (cons.) |
| *Mondrian Global Equity Fund, L.P. et al.* v. *BP p.l.c. et al.* | No. 4:12-cv-3621 |
| *Stichting Pensioenfonds Metaal en Techniek et al.* v. *BP p.l.c. et al.* | No. 4:13-cv-0069 |
| *HESTA Super Fund* v. *BP p.l.c. et al.* | No. 4:13-cv-0129 |
| *KBC Asset Mgmt. NV, et al.* v. *BP p.l.c. et al.* | No. 4:13-cv-0517 |
| *Deutsche Asset Mgmt. Investmentgesellschaft MBH* v. *BP p.l.c. et al.* | No. 4:13-cv-0887 |
| *N.Y.C. Emps.' Ret. Sys. et al.* v. *BP p.l.c. et al.* | No. 4:13-cv-1393 |
| *Nova Scotia Health Employees' Pension Plan* v. *BP p.l.c., et al.* | No. 4:13-cv-3397 |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN FURTHER OPPOSITION TO DEFENDANTS'
AMENDED MOTION TO DISMISS PLAINTIFFS' COMPLAINTS**

Plaintiffs in the above-captioned actions ("Opposing Plaintiffs") hereby respectfully notify the Court of recent authority that supports their position in arguing for rejection of Defendants' Amended Motion to Dismiss (Dkt. No. 717). On February 26, 2014, the United States Supreme Court rendered its decision in *Chadbourne & Parke LLP v. Troice, et al.*, No. 12-79, 571 U.S. __ (2014), a copy of which is submitted herewith as Exhibit 1. In it, the Supreme Court addressed the scope and application of the Securities Litigation Uniform Standards Act, 15 U.S.C. §78bb ("SLUSA") in several pertinent respects.

Among other things, the *Chadbourne* Court considered the breadth of the phrase "misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security" under §78bb(f)(1)(A). *Id.* at 8. In addressing this issue, the Court employed a "natural reading" of SLUSA's express language (*id.* at 9), whereby it refrained from interpreting SLUSA broadly where nothing in SLUSA itself provided the court with reason to do so. *Id.* at 11. This language provides clear guidance *against* embracing BP's proposed judicial rewriting of the express terms of both SLUSA and the Exchange Act to redefine (selectively, it bears noting) the defined term "State" to encompass claims under *English* law, as versus only the laws of the fifty U.S. states, the District of Columbia, Puerto Rico, the Virgin Islands, and U.S. possessions. *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Amended Motion to Dismiss Plaintiffs' Complaints (Dkt No. 781) ("Plaintiffs' Opposition") at 14-19.

Moreover, in taking this statutory construction approach toward interpreting SLUSA, the Supreme Court made clear that SLUSA was *not* intended to shield issuers whose securities trade on non-U.S. exchanges from potential state-law liability. *Id.* at 12. Specifically, it stated:

> [T]he *only* issuers, investment advisers, or accountants that today's decision will continue to subject to state-law liability are those who do not sell or participate in selling securities traded on U.S. national exchanges. We concede that this means a bank, chartered in Antigua and whose sole product is a fixed-rate debt instrument not traded on a U.S. exchange, will not be able to claim the benefit of preclusion under [SLUSA]. But it is difficult to see why the federal securities laws would be – or should be – concerned with shielding such entities from lawsuits.

1

*Id.* at 12 (emphasis original) (holding that securities not traded on a U.S. national exchange fall outside of SLUSA). To the extent that Plaintiffs' actions primarily concern investment losses in BP's common stock, which trades on the London Stock Exchange, this part of the *Chadbourne* decision makes clear that SLUSA was *not* intended to shield an issuer such as BP from liability. (To the extent that Plaintiffs' actions secondarily concern investment losses in BP's American Depository Shares, those damages are also being pursued under U.S. federal securities laws.) Thus, *Chadbourne* further supports Opposing Plaintiffs' arguments against dismissal based on the policies behind SLUSA. *See* Plaintiffs' Opposition at 20-21.

For these additional reasons, Plaintiffs respectfully request that the Court deny Defendants' Amended Motion to Dismiss.

Dated: April 23, 2014

Respectfully Submitted,

*/s/ Sammy Ford IV*
Sammy Ford IV
Federal Bar Number 950682
Texas Bar Number: 24061331
ABRAHAM, WATKINS, NICHOLS,
  SORRELS, AGOSTO & FRIEND
800 Commerce Street
Houston, Texas 77002
Tel: (713) 222-7211
Fax: (713) 225-0827

*Attorneys in Charge*

Marc I. Gross
Jeremy A. Lieberman
Matthew L. Tuccillo
Emma Gilmore
Jessica N. Dell
POMERANTZ LLP
600 Third Avenue
New York, NY  10016
Tel: (212) 661-1100
Fax: (212) 661-8665

*Attorneys for Plaintiffs South Yorkshire Pensions Authority, Electricity Pensions Trustee, Limited, Hadrian Trustees Ltd. in its Capacity as Trustee of the Shipbuilding Industries Pension Scheme, HESTA Super*

*Fund, Mondrian Global Equity Fund, L.P., Mondrian International Equity Fund, L.P., Mondrian Focused International Equity Fund, L.P., Mondrian All Countries World Ex-U.S. Equity Fund, L.P., Mondrian Group Trust, Stichting Pensioenfonds Metaal En Techniek, Stitching Pensioenfonds Van De Mataleketro, Stichting Aandelenfonds MN Services Europa, Stichting Aandelenfonds MN Services Europa III, New York City Employees' Retirement System, Teachers' Retirement System of the City of New York, New York City Police Pension Fund, New York City Fire Department Pension Fund, New York Board of Education Retirement System, Teachers' Variable Annuity Funds, New York City Group Trust, and*
*Nova Scotia Health Employees' Pension Plan*

- and -

Ira M. Press
J. Brandon Walker
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022
Tel.: (212) 371-6600
Fax: (212) 699-1194

*Attorneys for KBC Asset Management NV, Union Asset Management Holding AG, Deutsche Asset Management Investmentgesellschaft MBH*