**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| *In re BP p.l.c. Securities Litigation* | No. 4:10-md-02185 |
| This document relates to: | |
| *South Yorkshire Pensions Authority et al.* v. *BP p.l.c. et al.* | No. 4:12-cv-2362 (cons.) |
| *Mondrian Global Equity Fund, L.P. et al.* v. *BP p.l.c. et al.* | No. 4:12-cv-3621 |
| *Stichting Pensioenfonds Metaal en Techniek et al.* v. *BP p.l.c. et al.* | No. 4:13-cv-0069 |
| *HESTA Super Fund* v. *BP p.l.c. et al.* | No. 4:13-cv-0129 |
| *KBC Asset Management NV et ano.* v. *BP p.l.c. et al.* | No. 4:13-cv-0517 |
| *Deutsche Asset Management Investmentgesellschaft mbH* v. *BP p.l.c. et al.* | No. 4:13-cv-0887 |
| *New York City Employees' Retirement System et al.* v. *BP p.l.c. et al.* | No. 4:13-cv-1393 |
| *Nova Scotia Health Employees' Pension Plan* v. *BP p.l.c. et al.* | No. 4:13-cv-3397 |
| | Honorable Keith P. Ellison |
| | JURY TRIAL DEMANDED |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

The decision identified in plaintiffs' Notice of Supplemental Authority (MDL No. 2185 Dkt. 826), *Chadbourne & Parke LLP* v. *Troice*, 134 S. Ct. 1058 (2014), has no bearing on the applicability of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") to these actions.

*Chadbourne* addressed the scope of the "in connection with" requirement of SLUSA and held that "[a] fraudulent misrepresentation or omission is not made 'in connection with' . . . a 'purchase or sale of a covered security' unless it is material to a decision by one or more individuals (other than the fraudster) to buy or to sell a 'covered security.'" 134 S. Ct. at 1066. There is no dispute that the alleged misrepresentations here are "in connection with" plaintiffs' purchases of a "covered security," *i.e.*, BP ordinary shares. *See In re BP p.l.c. Sec. Litig.*, 843 F. Supp. 2d 712, 797 (S.D. Tex. 2012) (BP "ordinary shares . . . are clearly 'covered securities'

for purposes of SLUSA"); *see also*, *e.g.*, South Yorkshire Compl. ¶ 561 ("As a direct and natural result of the fraud alleged herein . . . Plaintiffs suffered . . . damages in connection with their purchases of BP securities."). Plaintiffs therefore do not contend that the "in connection with" or "covered security" requirements of SLUSA are not met, arguing instead only that their claims are not "based upon the statutory or common law of any State" and that these actions are not "covered class actions." (*See* Dkt. 781 at 14-29.) *Chadbourne* did not address those issues.

Plaintiffs assert that *Chadbourne* implies "that SLUSA was *not* intended to shield issuers whose securities trade on non-U.S. exchanges from potential state-law liability," quoting the Supreme Court's observation that "it is difficult to see why the federal securities laws would be—or should be—concerned with shielding" a foreign company "whose sole product is a fixed-rate debt instrument not traded on a U.S. exchange." (Notice at 1 (quoting *Chadbourne*, 134 S. Ct. at 1068).) But as this quote makes clear, the Supreme Court in *Chadbourne* was addressing "*uncovered* securities (certificates of deposit that are *not* traded on any domestic exchange)." 134 S. Ct. at 1062 (emphasis in original). Indeed, the fraud alleged in *Chadbourne* had "so remote a connection to the national securities markets that no person actually believed he was taking an ownership position in that market." *Id.* at 1070. In sharp contrast, BP ordinary shares *are* "covered securities" under SLUSA. *See BP Sec. Litig.*, 843 F. Supp. 2d at 797. As *Chadbourne* recognized, SLUSA "focuses upon transactions in covered securities" such as BP ordinary shares, "not upon transactions in uncovered securities" such as those at issue in that case, about which SLUSA "expresses no concern." 134 S. Ct. at 1066.

Dated:  May 2, 2014

| OF COUNSEL | Respectfully submitted, |
|---|---|
| Daryl A. Libow (pro hac vice) | |
| Amanda F. Davidoff (pro hac vice) | */s/ Thomas W. Taylor* |
| SULLIVAN & CROMWELL LLP | Thomas W. Taylor |
| 1700 New York Avenue, N.W. | Texas State Bar No. 19723875 |
| Washington, D.C.  20006-5805 | S.D. Tex. Bar No. 3906 |
| Telephone:  (202) 956-7500 | ANDREWS KURTH LLP |
| libowd@sullcrom.com | 600 Travis, Suite 4200 |
| davidoffa@sullcrom.com | Houston, Texas  77002 |
| | Telephone:  (713) 220-4200 |
| Richard C. Pepperman, II (pro hac vice) | Facsimile:  (713) 220-4285 |
| Marc De Leeuw (pro hac vice) | ttaylor@andrewskurth.com |
| SULLIVAN & CROMWELL LLP | |
| 125 Broad Street | *Attorney-in-Charge for Defendants* |
| New York, New York  10004-2498 | *BP p.l.c., BP America Inc., BP Exploration &* |
| Telephone:  (212) 558-4000 | *Production Inc., Anthony Hayward, Douglas* |
| peppermanr@sullcrom.com | *Suttles, Andrew Inglis, H. Lamar McKay,* |
| deleeuwm@sullcrom.com | *Robert Dudley, Byron Grote, Lord John* |
| | *Browne and Peter Sutherland* |

*Attorneys for Defendants BP p.l.c., BP America Inc., BP Exploration & Production Inc., Anthony Hayward, Douglas Suttles, Andrew Inglis, H. Lamar McKay, Robert Dudley, Byron Grote, Lord John Browne and Peter Sutherland*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendants' Response to Plaintiffs' "Notice of Recent Authority" has been served by electronic CM/ECF filing, on this 2nd day of May, 2014.

>*/s/ Thomas W. Taylor*
>Thomas W. Taylor