**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| *In re: BP p.l.c. Securities Litigation* | No. 4:10-MD-2185 |
| **This document relates to:** | |
| *Alameda County Emp. Retirement Assoc. v. BP p.l.c.* | No. 4:12-cv-01256 (cons.) |
| *Avalon Holdings Inc. v. BP p.l.c.* | No. 4:12-cv-03715 |
| *South Yorkshire Pensions Authority v. BP p.l.c.* | No. 4:12-cv-02362 (cons.) |
| *Mondrian Global Equity Fund, L.P. v. BP p.l.c.* | No. 4:12-cv-03621 |
| *Stichting Pensionenfonds Metaal en Techniek v. BP p.l.c.* | No. 4:13-cv-00069 |
| *HESTA Super Fund v. BP p.l.c.* | No. 4:13-cv-00129 |
| *New York City Employees' Retirement System v. BP p.l.c.* | No. 4:13-cv-01393 |
| *Nova Scotia Health Employees' Pension Plan v. BP p.l.c.* | No. 4:13-cv-03397 |
| *Ark. Teacher Retirement System v. BP p.l.c.* | No. 4:14-cv-00457 |
| *The Bank of America Pension Plan v. BP p.l.c.* | No. 4:14-cv-01418 |
| *Deka Investment GmbH v. BP p.l.c.* | No. 4:14-cv-01073 |
| *DiNapoli v. BP p.l.c.* | No. 4:14-cv-01083 |
| *IBM United Kingdom Pension Trust Limited v. BP p.l.c.* | No. 4:14-cv-01279 |
| *Merseyside Pension Fund v. BP p.l.c.* | No. 4:14-cv-01281 |
| *Pension Reserves Inv. Mgmt. Bd. of Mass. v. BP p.l.c.* | No. 4:14-cv-01084 |
| *Universities Superannuation Scheme Ltd. v. BP p.l.c.* | No. 4:14-cv-01280 |
| *Virginia Retirement System v. BP p.l.c.* | No. 4:14-cv-01085 |
| *Washington State Investment Board v. BP p.l.c* | No. 4:14-cv-00980 |
| | Honorable Keith P. Ellison |

**MEMORANDUM AND ORDER**

Before the Court are Defendant Robert Malone's Motion for Reconsideration (Dkt. No. 1584) and Plaintiffs' Cross Motion for Reconsideration (Dkt. No. 1587). The parties request reconsideration of the Court's June 30, 2017 Order (Dkt. No. 1581) ("Order"). Mr. Malone requests reconsideration of the Court's denial of his motion to dismiss Plaintiffs' claims based on his April 7, 2007 statement in *BP Magazine*. (Dkt. No. 1584 at 3.) Plaintiffs request

1

reconsideration of the Court's dismissal of claims based upon statements in the 2006 Annual Review and a statement by Mr. Malone in *BP Magazine*. (Dkt. No. 1587 at 13.) Upon reviewing the submissions of the parties and the applicable law, the Court finds that the motions for reconsideration should be denied.

I.  **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Internat'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). Reconsideration motions are generally analyzed under the standards for motions to alter or amend judgment under Rule 59(e) or motions for relief from a judgment or order under Rule 60(b). *Id.* (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998)). If a motion for reconsideration is filed no later than twenty-eight days after the judgment or order of which the party complains, it is considered a Rule 59(e) motion. *See id.*, Fed. R. Civ. P. 59(e). The parties filed their reconsideration motions within twenty-eight days of entry of the Court's order, so the Court analyzes the motions under Rule 59(e).

A motion under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Relief under Rule 59(e) is appropriate where the motion clearly establishes either a manifest error of law or fact or presents newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). Relief is also appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Motions under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have

been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79 (citing *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990)); *Sooter v. Siemens Indus., Inc.*, No. 4:14-CV-3637, 2015 WL 1540161, at *2 (S.D. Tex. Apr. 7, 2015). Reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet,* 367 F.3d at 479.

## II.   DEFENDANT MALONE'S MOTION FOR RECONSIDERATION

### A. Request for Reconsideration of 2007 Statement

In its June 30 Order, the Court denied Defendants' motion to dismiss Plaintiffs' claims based on one of Mr. Malone's April 7, 2007 statements in *BP Magazine*. Doc. No. 1581 at 26. The statement at issue (hereinafter "2007 Statement") is the following: "This year, we'll complete a large fibre optic system in the Gulf to connect all of our deepwater fields to shore with a high-fidelity data network. This network will significantly improve safety and operations efficiency." Doc. No. 1361 (Alameda Compl.) at ¶ 359(c). Defendants ask that the Court dismiss the claims against Mr. Malone that are based on the 2007 Statement because Plaintiffs did not allege sufficient facts to support a conclusion that the statement was false or that Mr. Malone had the requisite scienter.

Mr. Malone has not met the high standard for reconsideration. Reconsideration is appropriate when there is newly discovered evidence, there has been an intervening change in the law, or the motion clearly establishes either a manifest error of law or fact. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005); *Schiller*, 342 F.3d at 567. Mr. Malone has neither put forth new evidence nor cited to an intervening change in law, so the Court has re-examined its order to determine whether the Order contains a "manifest error of law or fact."

The Court finds that it has not made a manifest error of law or fact with regard to falsity or scienter. Plaintiffs have alleged that Defendants, including Mr. Malone, knew or recklessly

3

disregarded the fact that BP's process safety procedures did not adequately address known risks of deepwater drilling and misrepresented concrete steps purportedly being taken to increase safety at offshore sites. Doc. No. 1361 at ¶¶ 127, 360.

Mr. Malone also argues that the claims based on the alleged misstatement should be dismissed because Plaintiffs cannot demonstrate loss causation. Doc. No. 1584 at 4. The parties dispute when the fiber optic network was completed, so it would be premature to dismiss on this basis. Additionally, this was not raised in the original briefing on the motion to dismiss. Motions for reconsideration "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Sooter v. Siemens Indus., Inc.*, No. 4:14-CV-3637, 2015 WL 1540161, at *2 (S.D. Tex. Apr. 7, 2015) (quoting *Ross*, 426 F.3d at 763). Similarly, Defendants' arguments regarding the statute of repose were not raised in the original briefing.

### B. Request for Clarification of Ruling on Section 20(a) Claims

Defendants ask the Court to clarify its ruling on Section 20(a) claims against Mr. Malone and other individual Defendants. Defendants raised their Section 20(a) arguments in the briefing on the motion to dismiss, and the Court will clarify its analysis here.

Section 20(a) of the Exchange Act establishes secondary liability for persons who control others who violate Section 10(b). Plaintiffs must show that there was an underlying securities fraud violation and prove that the controlling person against whom the Section 20(a) claim has been brought had actual power over the controlled person and induced or participated in the alleged violation. *In re BP p.l.c. Sec. Litig.*, 922 F. Supp. 2d 600, 639 (S.D. Tex. 2013); *Dennis v. General Imaging, Inc.*, 918 F.2d 496, 509 (5th Cir.1990). Section 20(a) claims are subject only to the pleading requirements of Rule 8. *In re BP p.l.c. Sec. Litig.*, 922 F. Supp. 2d at 640. A plaintiff must plead facts indicating that defendants not directly involved in the making of

actionable misrepresentations nonetheless "had the requisite power to directly or indirectly control or influence corporate policy." *G.A. Thompson & Co. Inc. v. Partridge*, 636 F.2d 945, 958 (5th Cir. 1981). Allegations that defendants participated in the day-to-day operations of a company, without additional allegations of specific knowledge or facts demonstrating control, are insufficient to sustain a Section 20(a) claim. *In re BP p.l.c. Securities Litigation*, 843 F. Supp. 2d 712, 792 (S.D. Tex. 2012).

The Court was silent regarding Defendants' request for dismissal of the Section 20(a) claims against individual defendants. The Court clarifies that it finds that Plaintiffs have not adequately pled that Mr. Malone, Mr. Browne, Mr. Svanberg, and Mr. Castell had the power to control or influence policy. The Court dismisses the Section 20(a) claims based on controlling person liability against these individuals.

### III. PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs ask the Court to reconsider its dismissal of two misstatements in BP's 2006 Annual Review, published March 6, 2007, and of one statement by Robert Malone in the 2007 *BP Magazine*. Plaintiffs do not present newly discovered facts and do not argue that there has been a change in the law. Rather, Plaintiffs argue that the Court made manifest errors of law and fact in its Order, such that the decision is subject to reconsideration.

#### A. 2006 Annual Review Statements

First, Plaintiffs argue that the Court made a manifest error of law when it dismissed claims based on the BP 2006 Annual Review because Defendants did not challenge the statements in their opening brief. This argument is unavailing. Defendants did identify the bases for excluding the statements in their briefing, including Appendix 2 of their opening brief. Doc. Nos. 1419 at 22, 1419-2.

Plaintiffs ask the Court to reconsider its dismissal of claims based on the statement: "We have committed to implement the 10 recommendations from [the Baker] report as part of our continuing effort to strengthen and standardize process safety management." Alameda Compl. at ¶ 354(d). Plaintiffs argue that the Court made a manifest error of fact when it stated: "to the extent that the statements pertain to statements of fact…the statements pertain to pre-Baker Report conduct." Order at 25. Plaintiffs explain that this statement is a statement of present intent, and pertains to activity that was underway after the Baker Report was issued. Plaintiffs misinterpret the Court's Order. In its previous order, the Court noted that statements of future intention were not actionable. The Court found that the phrase "we have committed to" made the statement one of future intention, not then-present fact. There is thus no error of fact about whether the activity was underway after the Baker Report was issued.

Plaintiffs ask the Court to reconsider its dismissal of claims based on the statement: "Worldwide, we have conducted further accident risk assessments of all our major operations and have begun implementation of a revised integrity management standard that will apply to every significant asset." The Court finds that this is a statement of then-present fact. Nevertheless, the statement is non-actionable, as its allegations are too vague for the Court to determine falsity. The Court did not make a manifest error of law or fact in finding that this statement was not an actionable misrepresentation.

The Court takes this opportunity to clarify the applicable pleading standard for the element of scienter in English deceit claims. The Order stated that Plaintiffs must "meet the heightened pleading standard of Rule 9(b) by alleging scienter with particularity." Order at 28. Plaintiffs' allegations under English law need not meet the heightened standard of the PSLRA, but they must meet the heightened standard of Rule 9(b). *See Dorsey v. Portfolio Equities, Inc.*,

540 F.3d 333, 341 (5th Cir. 2008); *see also Flaherty & Crumine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 213 (5th Cir. 2009) (although "common law fraud claims are not subject to the heightened 'strong inference' of scienter standard imposed by the PSLRA," those claims "are still subject to the heightened pleading standard of Rule 9(b).") Rule 9(b) requires the "plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002) (internal quotations omitted). Rule 9(b) "relaxes the particularity requirement for conditions of the mind, such as scienter." *Dorsey*, 540 F.3d at 339 (*quoting Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). Simple allegations that defendants possess fraudulent intent are insufficient; the plaintiffs must set forth specific facts supporting an inference of fraud. *Id.* The Court's prior findings regarding the sufficiency of Plaintiffs' allegations of scienter are not changed by the application of this refined Rule 9(b) standard.

### B. 2007 *BP Magazine* Statement Regarding Texas City

Plaintiffs ask the Court to reconsider its dismissal of the following statement: "It's two years since the Texas City incident, and many of the actions recommended by the Baker Panel and expected in the CSB [U.S. Chemical and Safety Hazard Investigation Board] report have either been taken or are currently under way." Alameda Compl. at ¶ 359. Plaintiffs argue that the Court made a manifest error of fact when it concluded that the statement referred only to the Texas City refinery or refineries, generally, and not offshore drilling operations. *See* Order at 25. The statements of then-present fact in Mr. Malone's statement repeatedly reference the Texas City refinery, and discuss the BP refinery network. The Court did not make a manifest error of law or fact in finding that this statement was not an actionable misrepresentation.

7

## VI. CONCLUSION

After considering the parties' filings and the applicable law, the Court holds that Defendant Robert Malone's Motion for Reconsideration (Dkt. No. 1584) is **DENIED** and Plaintiffs' Cross Motion for Reconsideration (Dkt. No. 1587) is **DENIED**.

**IT IS SO ORDERED**.

Signed this 19th day of January, 2018.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE